# CHARLESTON.

COUNTY COURT OF MONROE COUNTY v. W. H. HAMLETT, HOMER THOMPSON AND MRS. J. W. McCLUNG

(No. 5651)

Submitted May 4, 1926.    Decided May 18, 1926.

ESTOPPEL—*Owner of Land, Whose Title Papers Refer to And Recognize Certain Road, in Suit Between Himself and County Court Involving Existence of Such Highway, is Estopped to Deny Public Character of Such Land.*

An owner of real estate, whose title papers refer to and recognize certain adjoining land as a public road, in a suit between himself and the County Court involving the exist-

ence of such highway, will be estopped from denying the public character of said land.

(Estoppel, 21 C. J. § 80 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monroe County.

Ejectment by the County Court of Monroe County against W. H. Hamlett and others. Judgment for defendants, and plaintiff brings error.

*Reversed and remanded.*

*R. L. Clark,* for plaintiff in error.

*Thomas N. Read* and *Thomas L. Read,* for defendants in error.

LITZ, PRESIDENT:

This is an action in ejectment brought by the County Court of Monroe County against W. H. Hamlett, Homer Thompson, and Mrs. J. W. McClung, for the recovery of portions of the county road alleged to be occupied by the defendants. At the close of the plaintiff's evidence, upon motion of the defendants the trial court excluded the evidence and directed a verdict for the defendants.

The evidence tends to prove that about the year 1881 George W. Graves by parol sold to the County Court of Monroe County for road purposes a lot of land in the city of Alderson forty feet in width and extending from the right-of-way of the Chesapeake & Ohio Railway Company to Greenbrier River; that the county court immediately thereafter appropriated the land for a public road, which has been in continuous use since that time; that the defendants, who own adjoining properties, have encroached upon a portion of the land outside of the roadbed as heretofore used; and that their title papers refer to and recognize the said parcel of land as a public highway. The theory of the trial court was that no deed having been executed by Graves to the County Court, the public had acquired title only to so much of the land as actually had been used ten years or more for a roadbed.

In view of the long abandonment to public use by the owner, and the fact that the title papers under which the defendants claim refer to and recognize the land in question as a public highway, this ruling is plainly wrong. "Where the deeds of plaintiff and his predecessors referred to and recognized the official map of a town, the dedication of a street in front of plaintiff's lot, as shown on the map, cannot be questioned, although the deeds of plaintiff and several of his predecessors describe the tract as running to the street 'as now .opened and worked' ". *Hall* v. *City of Olean,* 143 N. Y. S. 664. Dealing with the same principle, in *Ralston* v. *Town of Weston,* 46 W. Va. 546, it is said: "The question of dedication and acceptance is hardly worthy of consideration, from the fact that the plaintiff is not the original owner of the land, but claims under a deed and plat by which such street was dedicated to the public, and, it being inconsistent with his title papers, he is estopped from denying such dedication. Such dedication was not an act of his, but was long prior to *his deed, which recognized and adopted the same.*"

For the error noted, the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded the plaintiff.

*Reversed and remanded.*